DECISION
This case concerns real property assessments added for the 2007-08 tax year.
A case management conference was held March 25, 2008. Harlan Y. Horvath participated on his own behalf. Sally Brown represented Defendant. The parties agreed the case would be decided based on written submissions and arguments advanced during the conference. Subsequently, written materials were filed on April 4, 2008, by Defendant; nothing was received from Plaintiff. The record closed June 2, 2008.
 I. STATEMENT OF FACTS
The issue concerns a partial exemption for residential improvements located at 10345 NE Clackamas #18 in Portland, Oregon. The property is identified as Account R168114. At the case management conference, Plaintiff amended his Complaint to focus on the 2007-08 tax year only.
An exemption for multiple-unit housing is provided by ORS 307.600 to307.637.[1] The usual period of exemption is ten years. ORS 307.612.
Plaintiff purchased the condominium unit in November 2005. It was acquired for his brother, Jay Crux III (Crux). Due to Crux's physical and mental challenges, he needed assistance *Page 2 
with his living affairs. Plaintiff assisted by purchasing this property. He stated the real estate professionals he relied upon did not clearly explain all of the abatement specifics.
The city of Portland (City) allows a limited tax abatement on certain residential property units, such as the subject. One of the requirements is that it be occupied by the owner. Defendant must process properties on the tax roll for abatements that the City (governing body) approves. The subject property was covered by Resolution 35782, dated April 14, 1999. That resolution stated:
 "(5). Should any of the units which have been initially sold to owner-occupants, thereby qualifying under the terms of Section 3.103.040C of the City Code, convert to renter occupancy during the ten year term of the tax exemption, those units will lose their tax exemption status."
The City later investigated and learned that Plaintiff did not reside at the property; several letters were mailed to him. The City then took action to terminate the limited tax abatement for the subject property. City Resolution 36555 amended, adopted November 29, 2007; ORS 307.627.
Thereafter, upon receiving the City's Resolution, Defendant terminated the abatement on the account. On January 11, 2008, Defendant mailed Plaintiff a notice that added $43,650 in assessed value to the 2007-08 tax roll.
Plaintiff admits he does not reside in the subject property.
 II. ANALYSIS
The City's Resolution 35782 clearly sets forth the requirements for the abatement. It is unfortunate that no one specifically advised Plaintiff of the owner occupancy mandate. Furthermore, the occupancy status does not extend to relatives or other third parties. Without *Page 3 
legislative authority, this court is without the equitable powers to otherwise waive or modify those underlying requirements. Now, therefore,
IT IS THE DECISION OF THE COURT that the appeal is denied.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Jeffrey S. Mattson on July 31,2008. The Court filed and entered this document on July 31, 2008.
[1] All references to the Oregon Revised Statutes (ORS) are to 2007. *Page 1